

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CV 10615

BRITISH MARINE PLC,

                    Plaintiff,

        - against -

BELARUSSIAN SHIPPING CO., TRASER
ALLIANCE LTD., DEKKER LIMITED,
FORSBERG AND CO. LLP. and
RIMEX LTD. C/GT GROUP LTD.,

                    Defendants.

07 CV _____

ECF CASE

NOV 27 2007

U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, BRITISH MARINE PLC, (hereafter referred to as "BM" or "Plaintiff"), by and

through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against

the Defendants, BELARUSSIAN SHIPPING CO. (hereinafter referred to as "BSC", TRASER

ALLIANCE LTD., DEKKER LIMITED, FORSBERG AND CO. LLP. and RIMEX LTD. C/GT

GROUP LTD. (collectively referred to herein as "Defendants") alleges, upon information and

belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the

breach of maritime contract of charter. This matter also arises under the Court's federal question

jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the

Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity, organized under, and existing by virtue of foreign law and was at all

material times the disponent owner[1] of the motor vessel "MEDI NAGASAKI" (hereinafter the "Vessel").

3.    Upon information and belief, Defendant BSC was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of the Republic of Belarus with a place of business at Minsk, Belarus and was at all material times the Charterer of the Vessel.

4.    Upon information and belief, Defendant TRASER ALLIANCE was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Belize City, Belize and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

5.    Upon information and belief, Defendant DEKKER LIMITED was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Auckland, New Zealand and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

6.    Upon information and belief, Defendant FORSBERG AND CO. LLP was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in London, England and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

7.    Upon information and belief, Defendant RIMEX LTD. C/GT GROUP LTD. was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Auckland, New Zealand and was at all material times an alias and/or paying agent, funding agent, or receiving agent of the Defendant BSC.

---

[1] A 'disponent owner' controls the commercial operations of a vessel having taken the vessel on charter from the registered owner of the vessel. The disponent owner usually time charters the vessel from the registered owner and then sub-charters the vessel to charterers.

2

8.  By a charter party dated August 15, 2007 Plaintiff time chartered the Vessel to Defendant BSC for 1-3 laden voyages in charterer's option for a total duration of 75 – 90 days and a maximum of 95 days in charterer's option. A copy of the fixture recap evidencing the charter party is attached hereto as Exhibit 1.

9.  Plaintiff delivered the Vessel into the service of the Defendant BSC at Nemrut Bay, Turkey and has fully performed all duties and obligations under the charter party.

10.  The charter party requires Defendant BSC to pay to Plaintiff the vessel charter party hire (rate of $60,900 per day) 15 days in advance.

11.  The maximum duration of the charter party required Defendant BSC to re-deliver the Vessel to Plaintiff no later than November 26, 2007.

12.  Disputes have arisen between the parties regarding BSC's failure to pay in full all charter party hire and other charges and costs, due and owing to Plaintiff under the charter party contract.

13.  As best as may be presented estimated the Vessel will not be re-delivered to the Plaintiff until December 8, 2007.

14.  As a result of BSC's breach of the charter party due to its failure to pay all hire and other charges and costs, Plaintiff has sustained damages in the total principal amount of $762,340.14, exclusive of interest, arbitration costs and attorneys fees. Attached hereto as Exhibit 2 is a copy of Plaintiff's hire statement with a basis for vessel re-delivery on December 8, 2007.

15.  Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in London subject to English law. BM specifically reserves its right to arbitration of its claims against BSC. BM is preparing to commence London arbitration against BSC.

16.    This action is brought in order to obtain jurisdiction over BSC and also to obtain security for BM's claims and in aid of arbitration proceedings.

17.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim –Statement of Account | $762,340.14; |
| B. | Estimated interest on claim - 3 years at 7.5% compounded quarterly: | $190,368.82; |
| C. | Estimated arbitration costs: | $150,000; and |
| D. | Estimated attorneys' fees and expenses: | $200,000.00. |
| | Total: | $1,302,708.96. |

18.    It is not general practice in the maritime community, nor any where else, for independent companies to make large payments on behalf of other independent companies. However, during the charter party, Defendants TRASER ALLIANCE LTD., DEKKER LIMITED, FORSBERG AND CO. LLP. and RIMEX LTD. C/GT GROUP LTD. have remitted charter party payments to the benefit of Plaintiff on behalf of Defendant BSC.

19.    Upon information and belief, Defendant TRASER ALLIANCE LTD., DEKKER LIMITED, FORSBERG AND CO. LLP. and RIMEX LTD. C/GT GROUP LTD. make payments on BSC's behalf although they have no contractual obligation to BSC's creditors.

20.    Upon information and belief, TRASER ALLIANCE LTD., DEKKER LIMITED, FORSBERG AND CO. LLP. and RIMEX LTD. C/GT GROUP LTD. are paying agents, funding agents and/or receiving agents of BSC such that TRASER ALLIANCE LTD., DEKKER

4

LIMITED, FORSBERG AND CO. LLP. and RIMEX LTD. C/GT GROUP LTD. are now, or will soon be, holding assets belonging to BSC and vice versa.

21. In the further alternative, and upon information and belief, Defendants are affiliated companies such that TRASER ALLIANCE LTD., DEKKER LIMITED, FORSBERG AND CO. LLP. and RIMEX LTD. C/GT GROUP LTD. are now, or will soon be, holding assets belonging to BSC and vice versa.

22. In the further alternative, and upon information and belief, TRASER ALLIANCE LTD., DEKKER LIMITED, FORSBERG AND CO. LLP. and RIMEX LTD. C/GT GROUP LTD. are aliases of Defendant BSC.

23. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

24. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $1,302,708.96 belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.    That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.      That this Court award Plaintiff the attorneys' fees and costs incurred in this

action; and

G.      That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated:      New York, NY
               November 27, 2007

The Plaintiff,
BRITISH MARINE PLC

By: _____
Charles E. Murphy CM 2125
Patrick F. Lennon
Kevin J. Lennon

LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
cem@lenmur.com
pfl@lenmur.com
kjl@lenmur.com

7

## ATTORNEY'S VERIFICATION

State of New York )
) ss.: City of New York
County of New York )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: New York, NY
November 27, 2007

Charles E. Murphy

8

# EXHIBIT 1

w: BSC/MEDI NAGASAKI - Clean Fixture Recap- Cp date 15th Aug

## Kevin J. Lennon

| | |
|---|---|
| **From:** | Fix at British Marine Plc [fix@britmarine.co.uk] |
| **Sent:** | Thursday, August 16, 2007 12:53 AM |
| **To:** | operations; Harish at OBC; Ketty at OBC; Paul Gregory |
| **Subject:** | Fw BSC/MEDI NAGASAKI - Clean Fixture Recap- Cp date 15th Aug |
| **Attachments:** | OBC QUESTIONNAIRE 1.DOC; MEDI SYDNEY-NAGASAKI CP.TIF |

Dear All

Please see how fixed Mv Medi Nagasaki next voy
under created n messages moved.

rgds
- -- Original Message -----
From: "Declan De Val" <handy.uk@maerskbroker.com>
To: "Ocean Bulk Carriers" <fix@oceanbulk.co.uk>
Sent: 16 August, 2007 1:46 AM
Subject: BSC/MEDI NAGASAKI


> REF: DDV5400819.
> DATE: 15-08-2007
> TIME: 20:16:03 (GMT)
>
> FROM MAERSK BROKER (UK) LIMITED
>
> ESPER/DECLAN
>
> RE:BSC/MEDI NAGASAKI
>
> WE ARE PLSD TO CONFIRM WE ARE CLEAN FIXED TODAY 15 AUG 2007 WITH FULL
> RECAPITULATION AS FOLLOWS:
>
> ALL NEGOS AND EVENTUAL FIXTURE TO BE KEPT ABSOLUTELY PRIVATE AND
> CONFIDENTIAL
>
> CP DETAILS/FIGURES/HIRE ARE NOT TO BE MENTIONED IN THE BALTIC OR
> ANY OTHER FIXTURE REPORTS
>
> FIXTURE DETAILS NOT TO BE REVEALED TO ANY THIRD PARTY
>
> M/V MEDI NAGASAKI
> LIBERIA FLAG, BUILT OSHIMA 3/03
> CALL SIGN : DYKI (IMO NO.LR 9249271)
> /D BULKER STRNGHTND FOR CARRIAGE HEAVY CARGO N SUITABLE
> OR ALTERNATE LOADING / HOLDS NOS 2-4  MAY BE EMPTY
> 3.098 MTDWAT ON 12.16 M SSW (TPC 54.73)
> 88.50 M LOA / 32.26 M BEAM / 17.15 M DEPTH
> CLASS : B.V.

Case 1:07-cv-10615-GSH   Document 1   Filed 11/27/2007   Page 11 of 15
w: BSC/MEDI NAGASAKI - Clean Fixture Recap- Cp date 15th Aug

Page 2 of

GRT/NRT 29,295/17,592
5HO/5HA (FRW/AFT FOLDING TYPE H/COVERS)
HOLDS CUBIC 67,416 GR / 65,295 BL
SPEED/CONS (IN SMOOTH WEATHER UP TO BF4/DSS3)
LADEN ABT 14.5 (B) / 13.8 (L) KN ON ABT 31.0 MT IFO 380 CST / NDAS
PORT CONSUMPTION :
  IDLE     ABT 2.5 MT IFO (380 CST) + ABT 0.2 MT MDO
  WORKNG CR  ABT 6.0 MT IFO (380 CST) + ABT 0.2 MT MDO
CARGO GEARS
- 4X30 T SWL EL HYD DECK CRANES(BTWN HLDS1-2/2-3/3-4/4-5)
- MAX OUTREACH FM SHIPSIDE AT 30 MTSWL : 9.87 M
- 4 X 6/12 CBM GRABS EL/HYDR
- CONSTANT ABT 280 MT EXCL FW
- FW CAP 340 MT
- BUNKER CAP 1,835 MT IFO / 176 MT MDO (100 PCT)
- AUSSI HOLD LADDERS / WWF COMPLYING
- ALL DETAILS ABOUT

- AGENTS NEMRUT BAY:

  SARK EXPRESS SHIPPING AGENCY CO INC
  TEL: +90 212 314 04 00
  FAX: +90 212 251 21 98 / 292 96 53
  EMAIL: sark@sarkexpress.com
  PIC: Mr Claudio STAMBOLI
  Mr Henryk DROWNIAK

- OWS TO ADV DMS HOLDS + HATCHES

- OWS TO ADVISE THE OWS FULL STYLE AND BANKING DETAILS FOR HIRE
PAYMENT

FOR

- A/C BELORUSSIAN SHIPPING CO., MINSK
- 'MEDI NAGASAKI' (AS DESCRIVED ABOVE)
- DELY DLOSP NEMRUT BAY ATDNSHINC
- LCAN 22-29/AUG/2007
- HIRE US$ 60,900 PDPR INCLOT PAYABLE 15 DAYS IN ADVANCE, FIRST HIRE
- AND BOD PAYABLE WITHIN 3 BANKING DAYS OF DELIVERY
- 1-3 LADEN LEGS IN CHOPT, TOTAL DURATION MIN 75 DAYS/MAX 95 DAYS
- IN CHOPT
- REDEL DLOSP/PASSING 1SP SINGAPORE/JAPAN RANGE ATDNSHINC INCLUDING
- FULL MALAYSIA, INDONESIA AND PHILIPPINES
- BOD ABOUT 575/675MT IFO AND ABOUT 35/45MT MDO. ABOUT SAME QTTY
- ON REDEL AS ON DELIVERY.
- PRICES BENDS US$ 395PMT IFO AND US$ 675PMT MDO
- US$ 700 PER HOLD IMHC
- US$ 8,500 ILOHC BOTH CASES EXCLUDING DUNNAGE REMOVAL/DISPOSAL/
- RESIDUES (CHARTS WELCOME TO MAKE OWN ARRANGEMENTS PROVIDED
- LAWFULL DIRECTLY WITH MASTER/CREW)
- C/V/E US$ 1300 PMPR
- NYPE 5.00PCT TTL INC 1.25PCT TO MAERSK BROKER

F v. 2 Case 1:07-cv-10615-GSH Mu Document 1 LL Filed 11/27/2007 Page 12 of 15 21
w: BSC/MEDI NAGASAKI - Clean Fixture Recap- Cp date 15th Aug
Page 3 of 4

- OTHERWISE AS PER OWNS BTB C/P MV MEDI SYDNEY DATED 2/12/2003 WITH
  THE FOLLOWING ALTERATIONS AND AMENDMENTS:

-FRESH WATER REQUIRED BY MASTER FOR IMC TO BE FOR OWNERS ACCOUNT

-LINE 109- REDEL NOTICES 25,20,15 AND 10 DAYS APPROX AND 7/5/3/2/1
DAYS DEF NOTICE

CLAUSE 29-DELETE

REPLACE WITH 'OWNERS GAURANTEE THAT VESSEL HAS ONBOARD VALID CAPACITY
PLA,MID SHIP SECTION,TRIM AND STABILITY BOOKLET,LOADING MANUAL,GRAIN
LOADING MANUAL'

CLAUSE 30-AS PER MAIN TERMS

CLAUSE 38-DELETE

CLAUSE 44-ADD ' THE MASTER TO BE INSTRUCTED TO USE HIS
BEST EFFORTS TO OBTAIN WRITTEN ACKNOWLEDGEMENT BY RESPONSIBLE PARTIES
CAUSING DAMAGE UNLESS DAMAGE SHOULD HAVE BEEN MADE GOOD IN THE
MEANTIME."

CLAUSE 47-DELETE

CLAUSE 52-AS PER MAIN TERMS

CLAUSE 56 - ADD PARAGRAPH AT END
'IT IS AGREED BETWEEN THE PARTIES THAT CHARTERERS ARE TO BE ALLOWED TO
DEDUCT FROM HIRE THE VALUE OF ANY UNDISPUTED SPEED UNDERPERFORMANCE
AND/OR ANY BUNKER OVER CONSUMPTION."

CLAUSE 57-DELETE

CLAUSE 62-DELETE AND INSERT 'NO DRYDOCKING EXCEPT IN CASE OF
EMERGENCY'

CLAUSE 63-AS PER MAIN TERMS

CARGO/TRADING EXCL
CLAUSE 52 CARGO EXCLUSIONS
AS PER LINE 46/51 OF ASBATIME, EXCLUDING ALL DANGEROUS, INJURIOUS,
INFLAMMABLE CARGOES REQUIRING CO2 FITTINGS AND/OR
ELECTRICAL-MECHANICAL VENTILATION, LIVESTOCK, TOBACCO, FISHMEAL,
BONES, CONTAINERS ON DECK, SCRAP, TURNINGS, MOTOR BLOCKS/MOTOR SPIRIT,
LOGS EXCEPT SMALL LOGS OF MAXIMUM0 2 TONS PER UNIT, COTTON, BAGGED
RICE, BORAX,CREOSOTED GOODS, DIRECT REDUCED IRON ORE AND/OR PELLETS,
SPONGE IRON, IRON BRIQUETTES, HOT/COLD BRIQUETTES IRON, SODA ASH,
SULPHUR IN BULK, CHARCOAL, SALT, SALT CAKE, CEMENT, PITCH/TAR/ASPHALT
IN BULK, INDIAN COAL, BLACK POWDER, BLASTING CAPS, BOMBS,
DYNAMITE, TNT, ARMS, AMMUNITIONS, ACIDS, EXPLOSIVES, NUCLEAR AND
RADIOACTIVE PRODUCTS AND ITS WASTES, CALCIUM CARBIDE, CALCIUM
TYPOCLORIDE, COPRA, SILICA SAND, NAPTHA, ANY KIND OF EXPELLERS
INCLUDING BUT NOT LIMITED TO SUNFLOWER SEEDS EXPELLERS, MACOYA

PELLETS, PYRITE IN BULK, PETROLEUM AND ITS PRODUCTS (BUT PETCOKE IS
ALLOWED) CONCENTRATES ARE PERMITTED PROVIDED WITHIN I.M.O REGULATIONS
AND WITH SHIPPERS T.M.L. (TRANPSORTABLE MOISTURE LIMIT) CERTIFICATE.
AMMONIUM NITRATE AND AMMONIUM SULPHATE TO BE ALLOWED IF FERTILISER
GRADE ONLY.
IF I.M.O CLASSIFIED CARGOES ARE CARRIED, CHARTERERS/SHIPPERS SHALL
PROVIDE MASTER WITH ANY EVIDENCE HE MAY REASONABLY REQUIRE TO SHOW
THAT THE CARGO IS PACKAGED, ALBELLED, LOADED AND STOWED IN ACCORDANCE
WITH I.M.O. REGULATIONS, FAILING WHICH THE MASTER IS ENTITLED TO
REFUSE TO LOAD IT.

CLAUSE 63 TRADING LIMITS
WORLD WIDE TRADING VIA SAFE BERTHS/SAFE ANCHORAGES AND SAFE PORTS
ALWAYS SAFELY AFLOAT AT ANY TIME, ALWAYS WITHIN INSTITUTE WARRANTY
LIMITS, EXCLUDING CUBA, ISRAEL, TURKISH OCCUPIED CYPRUS, LYBIA,
CAMBODIA, NORTH KOREA, ALBANIA, SOMALIA, ETHIOPIA, ERITREA, ANGOLA,
SERBIA, SIERRA LEONE, CIS PACIFIC PORTS, LIBYA, IRAQ, LEBANON, SYRIA,
ANY COUNTRY UNDER UNITED NATIONS EMBARGO AND WAR/WARLIKE AREAS.

TRADING ALWAYS SUBJECT TO BIMCO STANDARD WAR RISK CLAUSE FOR TIME
CHARTERERS, 1993, CODE NAME "CONWARTIME 1993" UNLESS THE POLITICAL
SITUATION CHANGES, VESSEL NOT TO BE ORDERED TO/FROM TAIWAN DIRECTLY
AFTER OR PRIOR CALLING PEOPLE REPUBLIC OF CHINA UNLESS PROPER
CLEARANCE ARRANGED EN ROUTE.

VESSEL IS NOT TO FORCE ICE OR TO FOLLOW ICE BREAKER.

END OF RECAP


> PLS CHECK THE SUBJECT RECAP AND CONFIRM BY RETURN THAT ALL TERMS AND
> CONDITIONS AS ABOVE ARE IN LINE WITH OUR NEGOTIATIONS.
>
>
> PLS PROVIDE OWNS FULL STYLE AND BANK DETAILS ASAP
>
> PLSD PROVIDE H+M CERTIFICATE BY 16 AUG 2007
>
> PLS PROVIDE QUESTIONAIRE COMPLETED BY MASTER BY 1700HRS 17 AUG 2007
>
>
> MANY THANKS FOR YOUR GREAT SUPPORT AND LOOK FORWARD TO MORE BUSINESS
> WITH YOURSELF!
>
> END REGARDS,
>
> DECLAN DE VAL
> TEL: +44 207 481 6020
> MOB: +44 790 043 0037
> FAX: +44 207 481 4686
> MAIL: HANDY.UK@MAERSKBROKER.COM
>
>

# EXHIBIT 2

# HIRE STATEMENT BASIS REDELIVERY 8 DECEMBER 2007

| VESSEL | M/V MEDI NAGASAKI | | CHARTERERS BELORUSSIAN SHIPPING CO | | |
|---|---|---|---|---|---|
| Delivery | 8/23/2007 2242 HRS GMT | | Delivery Bunkers | IFO | HT £16.400 |
| Hire To | 12/9/2007 2242 HRS GMT | | Redelivey Bunkers | MDO IFO | 46.700 £16.400 |
| Hire Rate | 60,900 USD | | IFO PRICE MDO PRICE | 395.00 USD 675.00 USD | MDO 46.700 |

| | | | | | |
|---|---|---|---|---|---|
| Total No of days on Hire | | 108 | | | |
| Hire | 95 Days 13 Days | At USD At USD | 60,900 65,000 | | 5,785,500.00 845,000.00 |
| Commission | | | 3.75% | 248,643.75 | |
| Bunkers on Delivery | | | | | |
| IFO | 616.400 MT | At USD | 395.00 | | 243,478.00 |
| MDO | 46.700 MT | At USD | 675.00 | | 31,522.50 |
| Est bunkers on redely | | | | | |
| IFO | 616.400 MT | At USD | 395.00 | 243,478.00 | |
| MDO | 46.700 MT | At USD | 675.00 | 31,522.50 | |
| OFF HIRE ENGINE PROBLEM 29.09.07 0100HRS/0815HRS | 0.30208 DAYS | At USD | 60,900.00 | 18,396.67 | |
| COMMISSION | | | 3.75% | | £59.88 |
| MDO CONSUN 0.7552083 MT CVE | | AT USD | 675.00 | 509.77 13.09 | |
| Cables/Entertain | | At USD | 1,300.00 Per Month | | 4,680.00 |
| Intermediate Hold Cleaning | | At USD | | | 7,000.00 |
| In Lieu of Hold Cleaning | | At USD | | | 5,600.00 |
| CASH | | | | 1,120,501.75 | |
| | | | | 879,884.84 | |
| | | | | 783,513.18 | |
| | | | | 608,276.89 | |
| | | | | 681,639.54 | |
| | | | | 155,857.29 | |
| | | | | 200,000.00 | |
| | | | | 368,073.30 | |
| | | | | 175,975.80 | |
| | | | | 446,742.87 | |
| | | | | 6,161,030.24 | 6,923,340.38 |

Balance in Owners Favour

762,310.14

OWNERS FULL STYLE BANKING DETAILS AS FOLLOWS
BANK          NORDEA BANK FINLAND PLC
              LONDON BRANCH
SWIFT         NDEAGB2L
ACCOUNT NO    0054105053
IBAN NO       GB25NDEA40467654105053
CREDIT OF     BRITISH MARINE PLC
COVER THROUGH J P MORGAN BANK
              NEW YORK
SWIFT         CHASUS33